IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 3:12-CV-0978-P |
| | § | NO. 3:07-CR-0338-P(01) |
| JIMMIE LEE PRESLEY | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Jimmie Lee Presley, a federal prisoner, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion is denied.

I.

The facts and procedural history of this case are well known to the parties and the Court and need not be described at length. Defendant pled guilty to conspiracy to commit bank fraud pursuant to a written plea agreement and factual resume. The Court twice held hearings on defendant's motions to withdraw his guilty plea, but defendant withdrew the motions at both hearings. On January 7, 2009, the Court denied defendant's third motion to withdraw his guilty plea and sentenced him to a term of imprisonment of 120 months, followed by a five year term of supervised release. The conviction and sentence were affirmed. *See United States v. Presley*, 415 F. App'x 563 (5th Cir. 2011). Defendant then filed this timely motion under 28 U.S.C. § 2255.

II.

As best the Court understands his claims, defendant appears to allege that his guilty plea was involuntary, his plea agreement was void and fraudulent, and he received ineffective assistance of

-1-

counsel.

A.

Defendant alleges that his guilty plea was involuntary because the plea agreement upon which it was based was void and he did not understand the consequences of his plea. It is axiomatic that a guilty plea is valid only if entered voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183, 125 S.Ct. 2398, 2405, 162 L.Ed.2d 143 (2005), *citing Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970). A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him." *Bousley v. United States*, 523 U.S. 614, 618, 118 S.Ct. 1604, 1609, 140 L.Ed.2d 828 (1998), *quoting Smith v. O'Grady*, 312 U.S. 329, 334, 61 S.Ct. 572, 574, 85 L.Ed. 859 (1941). A plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997).

A guilty plea is open to attack on the ground that counsel did not provide the defendant with reasonably competent advice. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980) (citing cases). "One of the most important duties of an attorney representing a criminal defendant is advising the defendant about whether he should plead guilty." *United States v. Herrera*, 412 F.3d 577, 580 (5th Cir. 2005), *citing Reed v. United States*, 354 F.2d 227, 229 (5th Cir. 1965). An attorney discharges this duty by informing the defendant of the relevant circumstances and the likely consequences of a plea. *Id.*, *citing Teague v. Scott*, 60 F.3d 1167, 1170 (5th Cir. 1995). The Fifth Circuit has identified three core concerns in a guilty plea proceeding: (1) the absence of coercion; (2) a full understanding of the charges; and (3) a realistic appreciation of

the consequences of the plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993).

Compliance with the admonishments required under Rule 11 of the Federal Rules of Criminal

Procedure provides "prophylactic protection for the constitutional rights involved in the entry of

guilty pleas." *See id.* at 627.

Prior to accepting his guilty plea, the Court fully admonished defendant in accordance with

Rule 11. Defendant testified under oath that he received a copy of the indictment, had discussed the

indictment with his attorney, and understood that Count 1 accused him of conspiring to commit bank

fraud, (*see* Gov't Resp. App., Exh. 1, Rearraign. Tr. at 2-3), that he understood the range of

punishment for the offense, (*see id.,* Exh. 1, Rearraign. Tr. at 4-5, 8), that he might receive a sentence

higher than he was expecting or higher than his Guideline range (*see id.*, Exh. 1, Rearraign. Tr. at

8-9), that he read and understood the factual resume, (*see id.*, Exh. 1, Rearraign. Tr. at 10), and that

the facts as set forth in the factual resume were true and correct. (*Id.,* Exh. 1, Rearraign. Tr. at 10).

Defendant also acknowledged that he was entering a guilty plea freely and voluntarily of his own free

will, and his guilty plea was not the result of any promises, threats, or coercion of any kind. (*Id.,*

Exh. 1, Rearraign. Tr. at 12). When the court inquired if "anybody tried to force you[] or threaten

you or coerce you in any way to get you to plead guilty against your will[,]" or "made you any type

of promise in order to get you to plead guilty[,]" defendant responded, "No, sir." (*Id.*, Exh. 1,

Rearraign. Tr. at 12). This sworn testimony carries a strong presumption of verity in a subsequent

post-conviction proceeding. *See Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1629, 52

L.Ed.2d 136 (1977); *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002). Based on these

assurances from defendant, the court found the defendant was competent, capable of entering an

informed plea, that his plea was freely, voluntarily, and knowingly made. (*Id.,* Exh. 1, Rearraign.

Tr. at 12). Therefore, the court accepted the guilty plea and found defendant guilty of Count 1 of the indictment. (*Id.,* Exh. 1, Rearraign. Tr. at 13).[1]

## B.

In yet another attempt to avoid his guilty plea, defendant protests that his plea was involuntary because he did not understand the application of the Sentencing Guidelines, his plea was motivated by threats by his lawyer, and the plea agreement supporting it was invalid and fraudulent. However, the record clearly indicates that his plea was knowing and voluntary. Defendant's colloquy with the Court expressly contradicts the existence of any promises, threats, or agreements that compelled his guilty plea. Defendant was informed of the maximum sentence permitted by statute and indicated that he had discussed the Sentencing Guidelines with his attorney, understood how the Sentencing Guidelines might apply in his case, and knew that he would be bound by the plea even if the Guideline range was higher than he expected or higher than the applicable Guideline range. To the extent that defendant argues that his guilty plea was involuntary because the underlying plea was without proper consideration, unconscionable, or lacked mutual assent, such claim is without merit. *See, e.g., United States v. Cobos,* 255 F. App'x 835, 837 (5th Cir. 2007), *citing United States v. Fields,* 906 F.2d 139, 141-42 (5th Cir. 1990) & *Smith v. Estelle,* 562 F.2d 1006, 1008 (5th Cir. 1977) (agreement by government not to bring additional charges against defendant and reduction of offense level for acceptance of responsibility constitutes consideration for entry of guilty plea). Nothing in the record supports defendant's conclusory and self-serving assertion that his plea was improperly induced, involuntary, or made without understanding of its

---

[1] Defendant persisted in his guilty plea in two hearings before the Court. (*See* Gov't Resp. App, Exh. 2, Mot. Tr. at 5-7 & Exh. 3, Mot. Tr. at 13).

consequences. *See Salazar v. United States*, No. 3:08-CV-1799-L, 2008 WL 4791461 at *3 (N.D. Tex. Oct. 31, 2008) (conclusory assertions in section 2255 motion do not overcome presumption of verity attached to prior testimony that guilty plea was knowing and voluntary).

C.

Defendant's primary allegation throughout his section 2255 motion is that his plea agreement is void for lack of consideration, due to its unconscionable nature, and because there was no mutual assent. The Fifth Circuit has never held that a plea agreement is void if it does not involve the exchange of adequate consideration. *See United States v. Araromi*, ___ F. App'x ___, 2012 WL 1414343 at *2 (5th Cir. Apr. 24, 2012) (citing cases). In any case, the government's agreement not to bring any additional charges against defendant and the reduction of defendant's base offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility constitute consideration for his guilty plea. *See id.; see also Cobos*, 255 F. App'x at 837. Although the government clearly had superior bargaining power, that fact does not render the contact unenforceable. *See United States v. Fernandez*, 54 F. App'x 793 (table), 2002 WL 31845157 at *1 (5th Cir. 2002) (rejecting argument that plea agreement was unconscionable contract of adhesion). Waivers of the statutory right to appeal are routinely permitted by the Fifth Circuit. *See, e.g. United States v. Burns*, 433 F.3d 442, 445, 450 (5th Cir. 2005); *United States v. Bond*, 414 F.3d 542, 544-45 (5th Cir. 2005). The mutual assent of the parties was well established by defendant's knowing and voluntary guilty plea after being fully advised of his rights and the effect his plea agreement during a hearing conducted pursuant to Rule 11 of the Federal Rules of Criminal Procedure. Accordingly, defendant has failed to establish that his plea agreement was in any way invalid.

D.

Defendant also claims that he was denied effective assistance of counsel because his attorney failed to safeguard his rights in the plea process, permitted him to waive his appellate rights, did not explain the application of the Sentencing Guidelines, and allowed him to enter into a plea agreement that was without consideration and "illegal on its face."

In order to obtain post-conviction relief due to ineffective assistance of counsel during the punishment phase of a non-capital case, a defendant must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the defendant must demonstrate that counsel's performance fell below an objective standard of reasonable professional service. *Id.*, 104 S.Ct. at 2064-65. Second, the defendant must establish prejudice--that he was subjected to increased jail time due to the deficient performance of his attorney. *See United States v. Grammas*, 376 F.3d 433, 439 (5th Cir. 2004), *citing Glover v. United States*, 531 U.S. 198, 203, 121 S.Ct. 696, 700, 148 L.Ed.2d 604 (2001). The two prongs of the *Strickland* test need not be analyzed in any particular order. *See United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). If a defendant fails to satisfy either prong, his claim of ineffective assistance of counsel must fail. *Id.*

The record reflects that counsel's conduct was not deficient. As discussed above, defendant's guilty plea was freely, voluntarily, and knowingly made. Defendant was fully advised of the maximum punishment he faced and how the Sentencing Guidelines might apply. He indicated that he understood that he would not be able to withdraw his guilty plea if the Guideline range was higher than he expected or his sentence was higher than the applicable Guideline range. The plea agreement was not void, nor is there any evidence that defendant's rights were violated in connection with the

plea agreement. Further, the record is clear that defendant knowingly waived his right to appeal. (*See* Gov't Resp. App., Exh. 1, Rearraign. Tr. at 5-6, 8). In short, defendant has failed to establish any deficient conduct by his attorney.

Defendant has also failed to establish prejudice. He has not shown that any failure by counsel led to increased jail time. None of the deficiencies alleged by defendant, if corrected, would have resulted in a lesser sentence. Accordingly, this ground for relief is overruled.

III.

For the foregoing reasons, the motion to correct, vacate, or set aside sentence filed pursuant to 28 U.S.C. § 2255 is denied.

IV.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court DENIES a certificate of appealability. Defendant has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[2] In the event the defendant will file a notice of appeal,

---

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:

(a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

(b) Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of

the court notes that the defendant will need to pay the $455.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

SO ORDERED this 6th day of August, 2012.

JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE

---

appealability.